IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR158 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JACK E. KAHLO, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 27) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Jack E. Kahlo (Filing No. 17). Kahlo filed a statement of objections to the Report and Recommendation (Filing No. 29) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). He supports his objections by refiling the brief submitted with the motion. (Filing No. 30.)

The Defendant is charged in a three-count Indictment with: receipt and distribution of child pornography (Count I); possession of child pornography (Count II); and forfeiture (Count III). (Filing No. 1.) The Defendant seeks the suppression of evidence seized as a result of the April 2, 2008, search of Kahlo's residence.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law followed by a one-page Report and Recommendation. He concluded: the issuance of an administrative subpoena for Kahlo's Internet Protocol ("IP") address did not violate Kahlo's Fourth Amendment right to privacy; the search warrant affidavit contained sufficient probable cause for issuance of the search warrant; the information in the affidavit was not stale as the date reflected on page 5 of the affidavit as "March 19, 2007," should have been typed as "March 19, 2008"; even if the affidavit did not contain

sufficient probable cause, the good faith exception in *United States v. Leon,* 468 U.S. 897 (1984) applies. On the basis of these determinations, Judge Gossett recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a brief statement of facts. The Court has considered the transcript of the hearing. (Filing No. 28.) The Court also carefully viewed the evidence. (Filing No. 23.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, a March 2008, investigation revealed that the user of IP address 67.135.144.21 was receiving and distributing child pornography. The IP address was traced to service provider Telebeep Wireless, Inc. An administrative subpoena was issued to the provider to determine the customer to which the IP address was registered, and the provider identified Kahlo as that person. A detailed affidavit was prepared supporting the application for a search warrant. On April 2, 2008, Stanton County Judge Donna Taylor

issued the search warrant, which was executed the same day at Kahlo's residence. Evidence of child pornography was recovered, and the federal Indictment followed.

## ANALYSIS

Kahlo states the following "objections" to Judge Gossett's Report and Recommendation:

1. The Affiant was denied access [to] the Defendant's computer.

2. The Affiant relied upon some investigation conducted outside the State of Nebraska by another law enforcement agency. This information was not listed in the Affidavit and it was not conveyed to Judge Taylor when the search warrant was applied for.

3. The Affiant listed March 19, 2007 as the date of this investigation.

4. The search warrant was applied for and signed by Judge Donna Taylor on April 2, 2008.

5. The subpoena for the Internet Protocol (IP) address violated the Defendant's Fourth Amendment right to privacy.

(Filing No. 29.)

The objections are supported by the same brief filed in support of the motion to suppress. (Filing No. 30.) NECrimR 57.3(a) requires that the basis for an objection be specified. The objections are identical to matters initially raised in the motion that were fully addressed by Judge Gossett at the hearing. Given the evidence produced at the hearing, the Court finds that the Defendant has not supplied this Court with a basis for the objections to factual matters. For example, the evidence clearly showed that "March 19, 2007," was a typographical error and should have read "March 19, 2008." The evidence also clearly showed that Judge Taylor signed the warrant on April 2, 2008. Therefore, the Court declines to revisit the unsupported objections to factual matters.

Regarding the legal issues, the Court agrees with Judge Gossett's analysis. No new legal arguments have been raised or new relevant legal support offered. Therefore, the Court declines to reanalyze the issues raised and relies on Judge Gossett's legal analysis.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 27) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 29) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 17) is denied.

DATED this 18th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge